IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEPAL S., | Civil No. 1:26-cv-06126-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | A# 246-627-663 |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, | |
| Respondents. | |

### **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Nepal S.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241.

He fled political persecution in India and was apprehended at the United States border

in Arizona upon entering the country without inspection on March 23, 2023.  Dkt. No. 1,

at pg. 5.  Immigration authorities initially detained Petitioner, but ultimately released

him on his own recognizance.  *Id*.  And because an immigration officer must find that

"'such release would not pose a danger to property or persons' and that the noncitizen

is 'likely to appear for any future proceeding'" in order to release a detainee from ICE

custody, that decision "reflect[ed] a determination by the government" that Petitioner

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

was "not a danger to the community or a flight risk." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)).

In the years that followed, Petitioner "buil[t] a life in the United States," including by securing gainful employment and marrying his wife, who both believe is currently pregnant. He also "always complied with the requirements of his release to the best of his ability." Dkt. No. 1, at pg. 5. But on July 20, 2026, Petitioner was taken into custody by immigration authorities after he appeared as directed at an ICE field office. *Id.* He has remained in immigration detention ever since. *Id*.

Although the record does not reflect any specific violations of Petitioner's release conditions during his yearslong parole, it does reflect that Petitioner was once suspected of criminal conduct. In October 2025, Petitioner was arrested, detained, or cited for receipt of known stolen property. Dkt. No. 5, at pg. 11. Prosecutors did not pursue the charge, and no complaint was ever filed, nor was a case opened. Dkt. No. 6-1, at pg. 2. One could conceivably imagine immigration authorities contending that the evidence underlying this arrest might support a finding that circumstances have changed since Petitioner's release in 2023, and that Petitioner now presents a danger to the community. But Respondents do not make that argument. Indeed, at no point have immigration authorities pointed to any changed circumstances or offered any individualized basis for Petitioner's arrest and detention. Nor have they ever asserted that Petitioner is now a danger to the community or a flight risk. And just as the

2

government gave Petitioner no prior opportunity to forestall his arrest and detention, it has given him no procedural opportunity to challenge his detention now that he is in custody.

So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights. After reviewing the petition, the court informed the parties of its intention to rule directly on the petition and ordered Respondents to show cause whether any factual or legal issues distinguished this case from cases such as *Carlos Eduardo D.J. v. Mullin*, No. 1:26-cv-04029-MWJS, 2026 WL 1508426 (E.D. Cal. May 29, 2026); *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility*, 1:26-cv-03776-MWJS, 2026 WL 1457554 (E.D. Cal. May 21, 2026); *Kallebe C.F.L. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03651-MWJS, 2026 WL 1374754 (E.D. Cal. May 14, 2026); *Alfredo T.H. v. Warden of the Cent. Valley Annex*, No. 1:26-cv-03179, 2026 WL 1455097 (E.D. Cal. May 22, 2026); *Sergio D.L.S. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026). *See* Dkt. No. 4.

The court thanks Respondents for their timely response. Dkt. No. 5. In it, they maintain their position that Petitioner's arrest and detention was constitutional. And while they acknowledge that "this case is not substantively distinguishable from the cases cited in the Court's order to show cause," they note that "Petitioner has a criminal history where the others do not." *Id.* at pg. 1. But Respondents have offered no

3

explanation—whether at the time of Petitioner's re-detention or in their current briefing—as to why Petitioner's 2025 arrest justifies his re-detention nearly nine months later, or why pre-deprivation process could not have been provided before his re-detention.  And even if Petitioner's arrest did render this case distinguishable from those cases cited in the court's order to show cause, many district judges have nonetheless granted relief in cases analogous to this one.  *See, e.g., Jose Antonio G.S. v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-04677-MWJS, 2026 WL 2023260 (E.D. Cal. July 13, 2026); *Carlos U.G. v. Warden of the Cal. City Detention Ctr.*, No. 1:26-cv-04427-MWJS, 2026 WL 1999947 (E.D. Cal. July 10, 2026); *Francisco V.E. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-04215-MWJS, 2026 WL 1656113 (E.D. Cal. June 8, 2026); *Vikrant S. v. Warden of the Golden State Annex Detention Facility*, No. 1:26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026); *A.J.S.M.P. v. Mullin*, No. 1:26-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  And for the reasons stated above, the court concludes that there is no factual or legal basis to distinguish these prior decisions.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders.  Respondents are ORDERED to immediately release

4

Petitioner Nepal S. (A# 246-627-663) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

///

///

///

///

///

///

5

The Clerk of Court is DIRECTED to close this case and enter judgment for

Petitioner.  This order resolves all pending motions.

IT IS SO ORDERED.

DATED:  August 13, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-06126-MWJS; *Nepal S. v. Warden of the Golden State Annex Detention Facility,* et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS